## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

MID-CONTINENT CASUALTY CO., a foreign
corporation,

       Plaintiff,

vs.

JADE ORGANIZATION, INC., MICHAEL        CASE NO:
JACKSON and JAIME JACKSON, husband
and wife, and WILLIAM J. CASEY and
PAMELA J. CASEY, husband and wife,

       Defendants.

_____ /

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Mid-Continent Casualty Company ("MCC"), sues the Defendants, JADE

ORGANIZATION, INC. ("Jade"), MICHAEL JACKSON and JAIME JACKSON, husband and

wife ("Jackson"), and WILLIAM J. CASEY and PAMELA J. CASEY, husband and wife

("Casey") for declaratory relief as follows:

### NATURE OF ACTION

1.     This is an action for declaratory relief pursuant to 28 U.S.C. §2201 for the

purposes of determining an actual controversy between the parties as to the scope of MCC's duty

to indemnify under its contracts of insurance with Jade.

### JURISDICTION AND VENUE

2.     Jurisdiction is proper because there is diversity of citizenship and the amount in

controversy exceeds $75,000, exclusive of attorney's fees, interest and costs.

3.     Venue is proper in the United States District Court for the Southern District of

Florida, Fort Lauderdale Division, because one or more defendants reside here, the insurance

14483256v1  913800  56475

Case No.:

contracts were issued and delivered here, and the events or omissions giving rise to the claims set forth below occurred here.

## THE PARTIES

4.      The plaintiff, MCC, is an Ohio Corporation with its principle place of business in Tulsa, Oklahoma.

5.      The defendant JADE ORGANIZATION, INC., is a Florida corporation with its principle place of business in Weston, Broward County, Florida.

6.      The defendants Jackson are citizens of Florida.

7.      The defendants Casey are citizens of Massachusetts.

8.      All conditions precedent to the institution of this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

9.      Jade is a general contractor.

10.     New Harbor Lofts, LLC, a developer, built the subject town homes as part of a town home project. New Harbor Lofts, LLC is no longer doing business.

11.     Jade was hired to construct the subject town homes located at Unit No. 7 at 713 S.E. 16 Court, Fort Lauderdale, Florida (Casey's), and Unit No. 4 at 707 S.E. 16 Court, Fort Lauderdale, Florida (Jacksons's).

12.     New Harbor Lofts, LLC, conveyed 707 S.E. 16th Court to the Jacksons, and 713 S.E. 16th Court to the Caseys.

13.     Certificates of Occupancy were issued to New Harbor Lofts for both units on November 17, 2006. Copies of the Certificates of Occupancy are attached as Exhibit "A".

14.     After the town homes at issue were completed and/or put to their intended use, Jade received complaints from the Caseys and the Jacksons regarding Chinese drywall.

14483256v1 913800 56475

Case No.:

15.     On March 2009, Casey noticed a problem with the heat and air conditioner in their home, and in April 2009, Casey first suspected construction problems with their home.

16.     On October 5, 2007, Jackson first noticed a problem with the air conditioning unit in their home, on December 5, 2007, sulfur was noticed, and on March 27, 2009, Jackson first suspected construction problems with their home.

17.     Jade was sued by Jackson and Casey in *Mary Ann Benes, et al. v. Knauf, et al.,* Case No. 09-6690 (the "Underlying Action").[1]

18.     In the Underlying Action, Jackson and Casey seek damages allegedly caused by Jade's defective work/defective product.  These damages include the cost to remove and replace the defective work/defective product, the removal and replacement of all of the drywall, the replacement of other property such as air-conditioning and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliance, and other metal surfaces and household items.  They also seek the repair or replacement of any materials contaminated or corroded by the drywall and economic damages such as diminution of the value of the home.

19.     In addition, the Underlying Action also seeks equitable relief by way of injunctive, medical and environmental monitoring.

20.     Jackson and Casey also seek in the Underlying Action the costs of moving while their homes are being repaired, the cost of renting comparable homes while the repairs are taking place, loss of use of enjoyment, and loss of use of value of the homes due to stigma.

21.     Finally, Casey and Jackson allege bodily injury and negative health effects.

---

[1] The Underlying Action Complaint is comprised of over 1,000 pages with exhibits.  Under information and belief, Jade is in possession of the Complaint.  On request, however, MCC will provide a copy of the publicly maintained Complaint to counsel once they make an appearance.

14483256v1 913800 56475

Case No.:

22.     Jade tendered the Underlying Action to MCC for a defense and complete indemnification in the event of a judgment against it in the Underlying Action.

23.     MCC is currently defending Jade, subject to a full and complete reservation of rights.

24.     The Caseys and Jacksons are proper parties to his action as their rights may be affected by this Court's declaration.

## POLICY PROVISIONS

25.     MCC entered into a contract of insurance with Jade, primary policy Nos. 04-GL-000641116 (8-1-06 to 8-1-07), 04-GL-000683474 (8-1-07 to 10-13-08), 04-GL-000734024 (10-13-08 to 10-13-09) and 04-GL-000771333 (10-13-09 to 10-13-10) (the "Primary Policies"), with limits of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate, and excess policy Nos. 04-XS-145313 (8-1-06 to 8-1-07), with aggregate limits of $2,000,000, and $10,000 self-insured retention ("SIR") for each occurrence, 04-XS-150858 (8-1-07 to 10-13-08), and 04-XS-158011 (10-13-08 to 10-13-09) (the "Excess Policies") with aggregate limits of $1,000,000, and $10,000 SIR for each occurrence.   Copies of the policies are attached as Composite Exhibit "B" (collectively the "Policies").

### *PRIMARY POLICIES*

26.     The MCC Primary Policies contain the following pertinent insuring agreement:

## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.     Insuring Agreement**

   a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this

4

Case No.:

insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)   The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

(2)   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

b.   This insurance applies to "bodily injury" and "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;

(2)   The "bodily injury" or "property damage" occurs during the policy period; and

(3)   Prior to the policy period, no insured listed under Paragraph 1. of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.   If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

27.   The MCC Primary Policies contain the following pertinent exclusions:

**2.   Exclusions**

This insurance does not apply to:

**a.   Expected or intended injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.   This exclusion does not apply to "bodily

14483256v1 913800 56475

injury" resulting from the use of reasonable force to protect persons or property.

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**   That the insured would have in the absence of the contract or agreement; or

**(2)**   Assumed in a contract or agreement that is an "insured contract", provided the 'bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**f.    Pollution**

**(1)**   "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)**    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

**(i)**    "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

6

Case No.:

    **(ii)**    "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

    **(iii)**    "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

* * *

**(2)**    Any loss, cost, or expense arising out of any:

**(a)**    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants", or

**(b)**    Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

* * *

**j.**   **Damage To Property**

"Property damage" to:

**(1)**    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another s property;

**(2)**    Premises you sell, give away or abandon, if the property damage arises out of any part of those premises;

* * *

7

Case No.:

**k.   Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\* \* \*

**m.   Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**   A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

**n.   Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency. inadequacy or dangerous condition in it.

\* \* \*

28.    The MCC Primary Policies include the following pertinent definitions:

14483256v1 913800 56475

Case No.:

## SECTION V--DEFINITIONS

\* \* \*

8.  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.    You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by:

    a.    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.    Your fulfilling the terms of the contract or agreement.

(Policy Nos. 04-GL-000641116 and 04-GL-000683474)

\* \* \*

8.  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.    You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

(Policy Nos. 04-GL-000734024 and 04-GL-000771333)

\* \* \*

15. "Pollutants" mean any solid, liquid, gaseous or vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

9

Case No.:

**a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)     Products that are still in your physical possession; or

(2)     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)     When all of the work called for in your contract has been completed.

(b)     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.**     Does not include "bodily injury" or "property damage" arising out of:

(1)     The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2)     The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3)     Products or operations for which the classification, listed in the Declarations or in a policy schedule, states the products completed operations are subject to the General Aggregate Limit.

**17.**   "Property damage" means:

**a.**     Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Case No.:

\* \* \*

21.  "Your product"

    **a.**    Means:

    (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (a)    You;

        (b)    Others trading under your name; or

        (c)    A person or organization whose business or assets you have acquired; and

    (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    **b.**    Includes:

    (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    (2)    The providing of or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.  "Your work"

    **a.**    Means:

    (1)    Work or operations performed by you or on your behalf; and

    (2)    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

    (1)    Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    (2)    The providing of or failure to provide warnings or instruction.

14483256v1 913800 56475

Case No.:

\* \* \*

29.     The MCC Primary Policies contain the following endorsement:

## EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF (2294)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **1.** of **Section l – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2.     Exclusions**

This insurance does not apply to:

**1.     Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

\* \* \*

30.     The MCC Primary Policy No. 04-GL-00077133 contains the following endorsement:

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## EXCLUSION – DESIGNATED WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

**Description of your work:**

**ALL OPERATIONS CONDUCTED USING DRYWALL PRODUCTS CONTAINING SULFUR OR SULFUR DERIVATIVES, WHETHER PERFORMED BY YOU ON YOUR BEHALF, OR UNDER YOUR SUPERVISION OR MANAGEMENT.**

14483256v1 913800 56475

Case No.:

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

*Form CG 21 34 01 87 - Page 1 of 1*

\* \* \*

### *EXCESS POLICIES*

31.     The Excess Policies contain the following pertinent insuring agreement:

\* \* \*

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1.     Insuring Agreement

a.     We will indemnify the insured for ultimate net loss in excess of the retained limit because of bodily injury or property damage to which this insurance applies.  We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for bodily injury or property damage to which this insurance applies.  But

(1)     The amount we will indemnify for ultimate net loss is limited as described in SECTION IV - LIMIT OF INSURANCE;

(2)     We have a right to defend any claims or suits to which this Insurance applies but which are not covered by any underlying insurance shown in the Declarations, we also have the right to defend such claims or suits if the applicable limit of underlying insurance is exhausted;

(3)     At our discretion, we may investigate any occurrence and settle any claim or suit that we have a right to defend; and

(4)     Our right to defend any existing or future suits end when we have exhausted the applicable Limit of Insurance in indemnification of judgments or settlements under Coverage A and B.

No other obligation or liability to indemnify or perform acts or services is covered unless explicitly provided for under SECTION II - DEFENSE.

b.     It is agreed that

13

Case No.:

(1)    The bodily injury or property damage must occur during the policy period of this policy; and

Prior to the policy period, no insured listed under Paragraph 1 of SECTION III - WHO IS AN INSURED and no employee authorized by you to give or receive notice of an occurrence or claim, knew that the bodily injury or property damage had occurred, in whole or in part.  If such a listed insured or authorized employee knew, prior to the policy period, that the bodily injury or property damage occurred, then any continuation, change or resumption of such bodily injury or property damage during or after the policy period will be deemed to have been known prior to the policy period.

(2)    Bodily injury or property damage which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1 of SECTION III WHO IS AN INSURED or any employee authorized by you to give or receive notice of an occurrence or claim, includes any continuation, change or resumption of that bodily injury or property damage after the end of the policy period.

(3)    Bodily injury or property damage will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of SECTION III - WHO IS AN INSURED or any employee authorized by you to give or receive notice of an occurrence or claim

    (a)    Reports all, or any part, of the bodily injury or property damage to us or any other insurer,

    (b)    Receives a written or verbal demand or claim for damages because of the bodily injury or property damage; or

    (c)    Becomes aware by any other means that bodily injury or property damage has occurred or has begun to occur.

(4)    With respect to your liability (other than under a contract or agreement) for bodily injury to your employees arising out of and in the course of their employment by you.

    (a)    Bodily injury by disease must be caused or aggravated by the conditions of the employment, and

    (b)    An employee's last day of last exposure to conditions causing or aggravating such a disease must occur during the policy period of this policy.

(5)    Damages because of bodily injury include damages sought by any person or organization for care or loss of services resulting at any time from the bodily injury,

14483256v1 913800 56475

Case No.:

      (6)    The bodily injury or property damage must be caused by an occurrence; and

      (7)    The occurrence must take place m the coverage territory.

32.    The Excess Policies contain the following pertinent exclusions:

**2.**   **Exclusions**

This insurance does not apply to:

**a.**   **Expected or intended injury**

Bodily injury or property damage either expected or intended from the standpoint of the insured.  This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

**b.**   Bodily injury or property damage for which the insured is obligated to pay damages by reason of the assumption or liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1) Assumed in contract or agreement that is an insured contract provided the bodily injury or property damage occurs subsequent to the execution of the contract or agreement; or

(2) The insured would have in the absence of the contract or agreement.

* * *

**k.**   Property damage to:

(1) Property you own;
(2) Premises you sell, give away or abandon, if the property damage arises out of any part of those premises;
* * *
Paragraph (2) of this exclusion does not apply if the premises are your work and were never occupied, rented or held for rental by you.

* * *

**m.**   Property damage to your work arising out of it or any part of it and included in the products-completed operations hazard.

This exclusion does not apply if the damage work or the work out of which the damage arises was performed on your behalf by a subcontractor.

15

Case No.:

\* \* \*

**n.**  Property damage to impaired property or property that has not been physically injured, arising out of:

   (1)  A defect, deficiency, inadequacy or dangerous condition in your product or your work; or

   (2)  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to your product or your work after it has been put to its intended use.

**o.**  Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   (1) Your product;

   (2) Your work; or

   (3) Impaired property.

   If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

33.    The Excess Policies contain the following pertinent definitions:

**SECTION VI – DEFINITIONS**

**10.**  Impaired property means tangible property, other than your property or your work that cannot be used or is less useful because:

   a.    It incorporates your product or your work that is known or thought to be defective, deficient, inadequate or dangerous; or

   b.    You have failed to fulfill the terms of a contract or agreement;

   If such property can be restored to use by:

   (1)  The repair, replacement, adjustment or removal of your product or your work; or

   (2)  Your fulfilling the terms of the contract or agreement.

16

Case No.:

\* \* \*

15.  Occurrence means

    a.    With respect to bodily injury or property damage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions. This does not apply to your liability (other than under a contract or agreement) for bodily injury to your employees arising out of and in the course of employment by you; or

    b.    With respect to your liability (other than under a contract or agreement) for bodily injury to your employees arising out of and in the course of employment by you, bodily injury caused by accident or disease.

\* \* \*

20.  a.    Products-completed operations hazard includes all bodily injury or property damage occurring away from premises you own or rent and arising out of your product or your work except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned.

    b.    Your work will be deemed completed at the earliest of the following times:

        (1)    When all of the work called for in your contract has been completed.

        (2)    When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

        (3)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    c.    This hazard does not include bodily injury or property damage arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it; or

17

(2) The existence of tools, uninstalled equipment or abandoned or unused materials

21. Property damage means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

\* \* \*

23. Self-insured retention means the amount in Item 3 of the Declarations.

\* \* \*

30. Your product means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

Your product includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product; and

b. The providing of or failure to provide warnings or instructions.

Your product does not include vending machines or other property rented to or located for the use of others but not sold.

31. Your work means:

a. Work or operations performed by you or on your behalf, and

Case No.:

    b.    Materials, parts or equipment furnished in connection with such work or operations.

Your work includes:

    a.    Warranties or representation made at any time with respect to the fitness, quality, durability, performance or use of your work; and

    b.    The providing of or failure to provide warnings or instructions.

34.    The Excess Policies contain the following pertinent damage to work performed by subcontractors exclusion:

## EXCLUSION - DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF (6149)

This endorsement modifies insurance provided under the following:

**COMMERCIAL UMBRELLA POLICY**

Exclusion m. of **Section I - Coverage A - Bodily Injury And Property Dama**ge **Liability** is replaced by the following:

**2.    Exclusions**

This insurance does not apply to:

    **m.    Damage To Your Work**

    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

All other conditions remain unchanged.

## COUNT I – THERE IS NO DUTY TO INDEMNIFY FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE OR TO DEFEND OR INDEMNIFY TO THE EXTENT THE DAMAGES DID NOT TAKE PLACE DURING THE POLICY PERIODS

35.    MCC realleges paragraphs 1 through 34 as paragraph 35 of Count I.

36.    MCC's duty to indemnify is limited to pay damages because of property damage caused by an occurrence. To the extent the Underlying Plaintiffs homeowners, Casey and Jackson, are seeking to recover from Jade the cost to repair and replace defective work/defective

Case No.:

product, as opposed to damage caused by defective work/defective product, or damages for economic losses and the nature of the diminished value of the homes, these damages do not meet the definition of property damage.

37.     MCC's duty to indemnify is limited to property damage that occurs during the policy periods.  To the extent Jade is seeking to recover from MCC any damages that did not take place during one or more of the MCC policy periods, MCC has no duty to defend or indemnify Jade under those policies.

38.     In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify and in particular to:

      a.     Whether MCC has an obligation to indemnify Jade for the cost to remove and replace the defective work/defective product;

      b.     Whether MCC has an obligation to indemnify Jade for the cost to remove, repair and replace undamaged property in order to remove and replace the defective work/defective product for which no coverage is provided under the Policies;

      c.     Whether MCC has an obligation to indemnify Jade for economic damages; and

      d.     Whether MCC has an obligation to defend and indemnify Jade for only those damages, if any, that took place during the policy periods, and if no damage took place during the policy periods, whether MCC has a duty to defend Jade.

39.     Without this Court's declaration, the Underlying Action cannot be settled, as the parties are in doubt as to what damages constitutes property damage under the Policies.

40.     Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

14483256v1 913800 56475

Case No.:

Wherefore, MCC respectfully requests this Court to:

      a.     Take jurisdiction over this matter;

      b.     Find and declare that MCC's obligation under its Policies is limited to indemnifying Jade for property damage, if any, as that term is defined in the Policies;

      c.     Find and declare that MCC's obligation under its policies is limited to defending and indemnifying Jade for property damage that took place during the policy periods; and if no property damage took place during the policy periods, that MCC has no obligation to defend or indemnify Jade; and

      d.     Enter any other order the Court deems proper under the evidence and circumstances.

## COUNT II – NO DUTY TO DEFEND AND INDEMNIFY TO THE EXTENT THE CHINESE DRYWALL ENDORSEMENT APPLIES OR TO INDEMNIFY FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE PRIMARY POLICIES

41.     MCC realleges paragraphs 1 through 34 as paragraph 41 of Count II.

42.     The Policies contain the your product, damage to work performed by subcontractors on your behalf, pollution, impaired property, recall, Chinese drywall endorsement (Policy No. 04-GL-000772979), damage to property, and contractual liability exclusions, each of which limit, in whole or in part, MCC's obligation to defend and/or indemnify Jade.

43.     In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to defend and/or indemnify Jade.

44.     Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, are covered under the Policies.

45.     Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

14483256v1 913800 56475

Case No.:

Wherefore, MCC respectfully requests this Court to:

      a.     Take jurisdiction over this matter;

      b.     Find and declare that MCC's obligation under the Policies is limited to indemnifying Jade for damages, if any, not excluded by the Policies;

      c.     Find and declare that MCC has no obligation under the Policies to defend or indemnify Jade if the pollution exclusion and/or Chinese drywall endorsement applies; and

      d.     Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT III – NO DUTY TO INDEMNIFY FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE MCC EXCESS POLICIES

46.     MCC realleges paragraphs 1 through 34 as paragraph 46 of Count III.

47.     The MCC Excess Policies contain exclusions b, k, m, n, and endorsement 6149.

48.     In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify Jade in the Underlying Action.

49.     Without this Court's declaration, the Underlying Action cannot be settled, as the parties are in doubt as to what damages are covered under the Excess Policies.

50.     Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Excess Policies.

Wherefore, MCC respectfully requests this Court to:

      a.     Take jurisdiction over this matter;

      b.     Find and declare that MCC's obligation under the Excess Policies is limited to indemnifying Jade for damages, if any, not excluded by the Excess Policies; and

14483256v1  913800  56475

Case No.:

c.      Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT IV – NO DUTY TO INDEMNIFY FOR EQUITABLE RELIEF, INCLUDING MEDICAL AND ENVIRONMENTAL MONITORING UNDER THE POLICIES

51.     MCC realleges paragraphs 1 through 34 as paragraph 51 of Count IV.

52.     MCC's duty to indemnify is limited to pay damages because of bodily injury or property damage caused by an occurrence.

53.     In view of the foregoing, a present actual controversy exists between the parties as to the scope of MCC's obligation to indemnify Jade and in particular to:

a.      initiate and pay for medical monitoring;

b.      identify the home with defective drywall;

c.      test the home in which defective drywall may be found;

d.      retain experts/consultants to analyze the drywall in any way;

e.      temporarily relocate the homeowners;

f.      to recall and/or to repurchase the home; and

g.      initiate and pay for environmental monitoring.

54.     Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to whether equitable relief, including medical and environmental monitoring, constitutes damages, bodily injury and/or property damage under the Policies.

55.     Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

a.      Take jurisdiction over this matter;

23

Case No.:

      b.     Find and declare that MCC is not obligated under the Policies to pay for the costs to initiate and pay for medical/environmental monitoring or for any other equitable relief; and

      c.     Enter any other order the Court deems proper under the evidence and circumstances.

Dated: August _____, 2010.

_____

Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 30365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*

24

14483256v1 913800 56475